ROBERT HASH ET AL. v. W. R. ELY, COUNTY ATTORNEY.

Decided February 9, 1907.

**1.—Local Option Election—Official Ballot.**

The validity of ballots used in a local option election will be determined by the provisions of the statute relating to that subject (article 3388, Rev. Stats.), rather than by section 46 of the Terrell Election Law relating to elections generally.

**2.—Same.**

The omission of the words "Official Ballot" from the ballots used in a local option election will not render the ballots invalid.

**3.—Same—Contest—Burden of Proof.**

Under the provisions of article 3397, Rev. Stats., relating to the contest of a local option election, the burden of proof rest upon the contestant to prove that but for the alleged illegal votes the result of the election would have been different. In the absence of such proof a new election will not be ordered.

Appeal from the District Court of Callahan County. Tried below before Hon. J. H. Calhoun.

*Otis Bowyer* and *Hardwicke & Hardwicke,* for appellants.—Local option can only be submitted in the manner, time and mode prescribed by the law, and as the Commissioners' Court is the only body vested with authority to order such elections, and as the law conferring such authority on such court determines the time when such order can be made, an order made at a time not authorized by the law is illegal, and an election held under such illegal order is invalid. Art. 3393, Rev. Stats., as amended Acts 1905, p. 378; Donaldson v. State, 15 Texas Crim. App., 25; Boone v. State, 10 Texas Crim. App., 418; Prather v. State, 12 Texas Crim. App., 401; Stallworth v. State, 18 Texas Crim. App., 378; Ex parte Kramer, 19 Texas Crim. App., 123; Swenson v. McLaren, 2 Texas Civ. App., 334; Curry v. State, 28 Texas Crim. App., 477; Ex parte Sublett, 23 Texas Crim. App., 309; Ex parte Burge, 32 Texas Crim. Rep., 462.

The court having found that there was not printed or written on any of the ballots used at said election the words "Official Ballot," the court erred in not holding said election illegal. Terrell Election Law, Acts 1905, pp. 520-565, and specially the following sections thereof: Secs. 46, 47, 48, 5, 44, 51, 53, 54, 55, 72; Arnold v. Anderson, 93 S. W. Rep., 692.

The provisions of the election law requiring the presentation of poll tax receipts, certificates or written affidavits in lieu thereof, showing parties entitled to vote, are mandatory, and a vote received from a party without compliance with these requirements is unauthorized and illegal, and such vote should not be considered in determining the result of the election and should be rejected. Terrell Election Law, Acts 1905, sec. 2, sec. 6, sec. 66, sec. 71, sec. 72, sec. 23; Rev. Stats., art. 3397; State v. Conner, 86 Texas, 133; Owen Cusick's Appeal, 10 L. R. A., 228 (Penn.); State v. Old, 31 L. R. A., 837, s. c. 95 Tenn., 723; Major v. Barker, 35 S. W. Rep., 543 (Ky.); Patrick v. Runyon, 50

S. W. Rep., 538 (Ky.); Ellis v. May, 25 L. R. A., 325 (Mich.); Brightly Election Cases, p. 572; Sutherland Stat. Con., sec. 454, 459.

*Legett & Kirby,* for appellee.

SPEER, ASSOCIATE JUSTICE.—On September 11, 1906, the Commissioners' Court of Callahan County made its order for an election to be held in said county to determine whether or not the sale of intoxicating liquors should be prohibited in said county, in accordance with the terms of the local option law. The election was held on October 6, and in due time the Commissioners' Court canvassed the returns and declared the result of said election to be in favor of prohibition by the vote of eight hundred and thirty-nine to seven hundred and twenty-nine. On November 12, 1906, Robert Hash and others instituted this proceeding to contest said election and among other grounds alleged that the election was void in the first place because ordered within less than two years from a prior election covering the same territory; that the ballots used at said election did not have printed at the top or elsewhere thereon the words "Official Ballot," but instead had printed thereon the words "For Prohibition" and "Against Prohibition"; and that in estimating the result of said election and declaring that same had resulted in favor of prohibition the Commissioners' Court included in such estimate and counted in reaching said result the returns from certain named voting boxes, giving a total in favor of prohibition of five hundred and sixty-one and against prohibition three hundred and seventeen, when none of the votes from said boxes should have been included in reaching the result of said election because "each and every one of the parties participating in said election and who voted in said boxes above enumerated were subject to pay a poll tax in Callahan County, Texas, at and prior to the 1st day of February, 1906, and that each and every one of the parties voting at said election in said boxes were permitted to vote without presenting to the judge of election at the box where he voted his poll tax receipt issued to him before the 1st day of February, 1906; and each and every one of the parties voting at said boxes were permitted to vote without making affidavit that his poll tax receipt had been lost or mislaid or left at home, and that none of said parties voting in said precincts were authorized to vote without presenting their poll tax receipts or his affidavit in writing in lieu thereof." There were many other allegations of irregularities, but they are not relevant to any question presented by the assignments and are therefore not referred to. Upon a trial before the district judge there was a finding in favor of the validity of the election, from which finding the contestants have appealed.

Both parties to the appeal appear to concede, as indeed the authorities seem to require that they should, that contestants' allegation that the election was held within less than two years from a prior election presents no ground of contest under the statute. (Rev. Stats., art. 3397; Norman v. Thompson, 6 Texas Ct. Rep., 607; Lowery v. Briggs, 7 Texas Ct. Rep., 535.)

Section 46 of the Terrell Election Law passed by the Twenty-ninth Legislature provides: "No ballot shall be used in voting at any general,

primary or special election held to elect public officers, select candidates for office or determine questions submitted to a vote of the people, except the official ballot, unless otherwise authorized by law. At the top of the official ballot shall be printed in large letters the words 'Official Ballot.' It shall contain the printed names of all candidates whose nominations for an elective office have been duly made and properly certified. The names shall appear on the ballot under the title of the party that nominates them, except as otherwise provided by this Act." It is insisted by appellant that this section should control the form of the ballot to be used in local option elections. But article 3388, of the Revised Statutes, relating specially to local option elections, provides that "at said election those who favor the prohibition of the sale of intoxicating liquors within the proposed limits shall have written or printed on their tickets the words, 'For Prohibition,' and those who oppose it shall have printed or written on their tickets the words, 'Against Prohibition.'" So that, the Terrell Election Law being a general law, and the article last quoted being a special law, the latter rather than the former will control under a principle of construction too well known to require the citation of authority. Indeed, if there could otherwise be any doubt upon the question, the matter is set at rest by the language of section 194 of the Terrell Election Law itself, which provides "that this Act shall not interfere with or repeal any local option or special laws of this State, except as herein specially provided and set forth."

The third assignment insists that the trial court erred in holding the election valid on the ground that the provisions of the law as to presentation of poll tax receipts, certificates or written affidavits were not mandatory. The trial court found, and his findings in this respect are not assailed by either party, that at the boxes named in contestants' petition, to wit, Belle Plains, Cottonwood, Clyde, Cross Plains, Putnam, Hart's, Eula, Eagle Cove, Wristen and Admiral, voters were allowed to cast their ballots without at the time presenting their poll tax receipt or exemption certificate or written affidavit of loss. He also found that a number of persons were permitted to vote upon their "verbal" oath that they had become of age after January 1, and several persons were permitted to vote on the personal knowledge of the officers holding the election that such persons were over age. These or findings of similar irregularities were made with reference to each of the boxes mentioned, but in no instance save one, perhaps, and that an unimportant one because of the few votes involved, did the proof show or the court find who these voters were, whether or not they were in truth qualified voters, or whether they voted for or against prohibition. The proof and findings are indefinite as to the number of persons thus voting, leaving the whole matter to conjecture, whether or not the true result was at all affected by such irregularities. Article 3397, Revised Civil Statutes, providing for the contest of local option elections, reads: "At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice's precinct, or subdivision of such county, or in any town or city of such county in which such election has been held, may contest the said election in any court of competent jurisdiction in such manner as has been or may hereafter be prescribed; and should it appear from the evidence that the election

was illegally or fraudulently conducted; or that by the action or want of action on the part of the officers to whom was intrusted the control of such election, such a number of legal voters were denied the privilege of voting as had they been allowed to vote might have materially changed the result; or if it appears from the evidence that such irregularities existed as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge such election to be void and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election." In Stinson v. Gardner, 9 Texas Ct. Rep., 171, a case of contested election because voters were allowed to cast their ballots without exhibiting to the managers of the election their poll tax receipts and without making and filing the affidavits in writing provided by law, the Supreme Court through Mr. Justice Brown say: "The petition in this case does not allege that the 900 persons who voted without exhibiting their receipts were not qualified voters. There is no allegation in the petition that the 900 persons voted against prohibition, and while it would be as illegal for a man to vote for prohibition as against it without exhibiting his receipt, still the contestants could not complain on the ground that illegal votes were cast in favor of prohibition; it was necessary for the petition to show the result of the election against prohibition was caused in whole or in part by the casting of the 900 ballots." See also Black v. Pool, 9 Texas Ct. Rep., 344. If in the light of the language of the contest statute quoted it is necessary that the petition should allege that the persons thus voting without exhibiting their receipts or affidavits in lieu were not in fact legal voters, and that the receipt of their votes affected the result of the election injuriously to complainants, for precisely the same reason would it be necessary for the proof to cover these points. Here the contestants' case necessarily fails, because they have failed to show that those persons who were allowed to vote without exhibiting their receipts or making affidavits were not in truth qualified voters, and that such a number of them voted for prohibition as to probably change the result. In no instance, save the one referred to which affects only seven votes, does the proof show that such persons were not voters, or how they voted, or even their number. To hold an election void upon such a state of the evidence would be to do so for want of testimony rather than upon testimony. So that it is immaterial, so far as the disposition of this appeal is concerned whether those provisions of the Terrell Election Law invoked by appellant and which were evidently intended as a safeguard to the purity of the ballot box, to the accomplishment of which end the courts are ever ready to lend their aid, were mandatory or directory only, since if they were strictly mandatory and votes cast in disregard of them illegal votes, yet for the reasons above discussed contestants have not shown that they were injured thereby and we would not be authorized to set aside the expressed will of the people of that county upon proof falling short of this. The judgment is affirmed.

*Affirmed.*